UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
JOHN LICAUSI,

                Petitioner,

      -against-                      **ORDER**
                                        17–CV–2459 (JMA)

THOMAS GRIFFIN,
*Superintendent of the Green Haven Correctional Facility*,

                Respondent.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On June 7, 2018, petitioner filed a motion to have his habeas petition stayed and held in abeyance in order to allow him to exhaust certain unidentified constitutional claims in state court. (ECF No. 30.)

      Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), where a petition for habeas corpus is "mixed" (i.e. it contains both exhausted and unexhausted claims), a district court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Id. at 275–276. A district court has discretion to grant a stay and hold a habeas petition in abeyance provided that the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." Id. at 278.

      Petitioner's motion to stay is defective in three respects.

      First, petitioner's motion for a stay does not identify what specific claims he seeks to exhaust in state court.

      Second, to the extent petitioner is seeking a stay so that he can exhaust claims that were

1

not raised in his petition, petitioner would have to file, along with a motion to stay, a motion to amend in order to add any such claims to his petition.

Third, petitioner's motion for a stay fails to show that petitioner meets the requirements of Rhines v. Weber. Not only does petitioner have to identify the claims he seeks to exhaust, he would also have to show that: (1) there was good cause for his failure to exhaust in state court; and (2) the unexhausted claims are potentially meritorious.

For the reasons stated above, petitioner's motion for a stay is denied without prejudice. The Clerk of Court is directed to mail a copy of this Order to petitioner.

**SO ORDERED.**

Date: March 31, 2019
      Central Islip, New York

                                                           /s/ (JMA)
                                                           Joan M. Azrack
                                                           United States District Judge